UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK F. FAGAL, JR., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:14-cv-2404-ARC |
| v. : | |
| : | |
| MARYWOOD UNIVERSITY, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Defendant Marywood University ("Defendant"), by and through its undersigned counsel, hereby responds to the Amended Complaint of Frederick F. Fagal, Jr. ("Plaintiff") as follows:

**PARTIES**

1. Admitted.

2. Admitted in part, denied in part. Defendant admits that Plaintiff is a natural person. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2 and, thus, they are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, thus, they are denied.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 7 require a response, they are denied.

8. The allegations in Paragraph 8 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 8 require a response, they are denied.

9. The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 9 require a response, they are denied.

## FACTUAL BACKGROUND

10. Admitted in part, denied in part. Defendant admits only that Plaintiff received a document entitled "Agreement and Appointment for Full-Time Faculty," a partially redacted copy of which is attached to his Amended Complaint. The "Agreement and Appointment for Full-Time Faculty" is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

11. Denied.

12. Admitted.

13. Admitted.

14. Admitted in part, denied in part. Defendant admits only that on July 1, 2010, it issued an edition of its Faculty Handbook. The Faculty Handbook is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

15. Admitted.

16. Admitted in part, denied in part. Defendant admits only that it had a "Contractual Agreements with Faculty Members" policy in May 2011. The policy is a document that speaks for itself and, thus, all characterizations of it are denied.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 17 require a response, they are denied.

18. Admitted in part, denied in part. Defendant admits only that in November 2011, Plaintiff scheduled a speaker from the Foundation for Individual Rights in Education ("FIRE") to come to the University in connection with one of Plaintiff's courses. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18, and thus they are denied.

19. Admitted in part, denied in part. Defendant admits only that Plaintiff received approval from Defendant to hang posters announcing the speaker from FIRE. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19 and, thus, they are denied.

20. Admitted in part, denied in part. Defendant admits only that it removed some of Plaintiff's posters announcing the FIRE speaker. The remainder of the allegations in Paragraph 20 are denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted. By way of further answer, Plaintiff's January 13, 2012 email to Defendant's faculty contained hyperlinks to vulgar and highly offensive YouTube videos depicting Defendant's personnel as Adolph Hitler and other members of the Nazi regime.

25. Admitted in part, denied in part. Defendant admits only that on January 23, 2012, one of Defendant's deans visited Plaintiff and advised that President Munley was requesting a meeting with him. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 25, and thus they are denied.

26. Admitted in part, denied in part. Defendant admits that on January 23, 2012, President Munley met with Plaintiff regarding whether he posted the YouTube video likening Defendant's faculty to Nazis, and that Plaintiff admitted doing so. Defendant further admits that Plaintiff was suspended immediately and advised to return his keys and identification to Defendant's Human Resources Department. The remainder of the allegations in Paragraph 26 are denied.

27. Admitted.

28. Admitted in part, denied in part. Defendant admits only that it has a "Progressive Discipline" policy, a copy of which is attached to Plaintiff's Amended Complaint. The policy is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

29. Denied.

30. Admitted in part, denied in part. Defendant admits that Plaintiff was suspended. Defendant denies that this was a breach of contract and the remainder of the allegations in Paragraph 30.

31. Denied.

32. Admitted in part, denied in part. Defendant admits that on January 24, 2012, President Munley sent Plaintiff a letter recommending Plaintiff be terminated. Defendant denies the remainder of the allegations in Paragraph 32.

33. Admitted in part, denied in part. Defendant admits that President Munley sent a letter to Plaintiff on January 24, 2012. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

34. Admitted in part, denied in part. Defendant admits only that a portion of the second charge against Plaintiff was inadvertently omitted in President Munley's January 24, 2012 letter. The remainder of the allegations in Paragraph 34 are denied.

35. Admitted in part, denied in part. Defendant admits only that Plaintiff, through his attorney, requested an amended Statement of Charges and that President Munley sent a letter to Plaintiff on February 8, 2012. The remaining allegations in Paragraph 35 are denied.

36. Admitted in part, denied in part. Defendant admits that President Munley sent a letter to Plaintiff on February 8, 2012. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

37. Admitted in part, denied in part. Defendant admits that President Munley sent a letter to Plaintiff on February 8, 2012. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

38. Admitted in part, denied in part. Defendant admits that President Munley sent a letter to Plaintiff on February 8, 2012. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

39. Admitted in part, denied in part. Defendant admits that President Munley included a document entitled "Release of Personal Information" in her February 8, 2012 letter to Plaintiff. The release is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

40. Admitted in part, denied in part. Defendant admits only that it has a "Progressive Discipline" policy, which was in effect at the time of Plaintiff's termination. The policy is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied. The remainder of the allegations in Paragraph 40 are denied.

41. Admitted in part, denied in part. Defendant admits only that Plaintiff's suspension began on January 23, 2012. The remainder of the allegations in Paragraph 41 are denied.

42. Admitted in part, denied in part. Defendant admits only that it has a "Civil Rights Complaint Procedures" policy, which was in effect at the time of Plaintiff's termination. The policy is a document that speaks for itself, and, thus,

all accurate quotations are admitted and all mischaracterizations of it are denied. The remainder of the allegations in Paragraph 42 are denied.

43. The allegations in Paragraph 43 are legal conclusions to which no response is required. To the extent the allegations in Paragraph 43 require a response, they are denied.

44. Admitted in part, denied in part. Defendant admits only that President Munley sent letters to Plaintiff on January 24, 2012 and February 8, 2012. These letters are documents that speak for themselves and, thus, all accurate quotations are admitted and all mischaracterizations of them are denied.

45. Admitted in part, denied in part. Defendant admits only that President Munley sent letters to Plaintiff on January 24, 2012 and February 8, 2012. These letters are documents that speak for themselves and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

46. Admitted in part, denied in part. Defendant admits only that President Munley sent letters to Plaintiff on January 24, 2012 and February 8, 2012. These letters are documents that speak for themselves and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

47. Admitted in part, denied in part. Defendant admits only that it has a "Progressive Discipline" policy, which was in effect at the time of Plaintiff's

termination. The policy is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

48. Admitted in part, denied in part. Defendant admits only that Plaintiff, through his attorney, communicated with Defendant on February 2, 2012. The communication is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

49. Admitted in part, denied in part. Defendant admits only that its counsel sent a letter to Plaintiff's counsel on February 9, 2012. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

50. Denied.

51. Admitted in part, denied in part. Defendant admits only that on February 22, 2012, Plaintiff filed a grievance against President Munley. The remainder of the allegations in Paragraph 51 are denied.

52. Admitted in part, denied in part. Defendant admits only that Plaintiff filed a grievance against President Munley. The grievance is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, thus, they are denied.

54. Admitted in part, denied in part. Defendant admits only that on April 3, 2012, President Munley sent a letter to Plaintiff. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

55. Admitted in part, denied in part. Defendant admits only that on April 3, 2012, President Munley sent a letter to Plaintiff. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied. The remaining allegations in Paragraph 55 are denied.

56. Denied.

57. Admitted in part, denied in part. Defendant admits only that it has a "Progressive Discipline" policy, which was in effect at the time of Plaintiff's termination. The policy is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied. The remaining allegations in Paragraph 57 are denied.

58. Admitted in part, denied in part. Defendant admits only that it has a "Faculty Grievances and Appeals" policy, which was in effect at the time of Plaintiff's termination. The policy is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied. The remaining allegations in Paragraph 58 are denied.

59. Admitted.

60. Admitted in part, denied in part. Defendant admits only that the Faculty Senate Ad Hoc Hearing Committee issued a document titled "Review of Sister Anne Munley's Decision to Terminate the Employment and Tenure of Dr. Frederick Fagal." This review is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

61. Denied.

62. Admitted in part, denied in part. Defendant admits only that it had a "Progressive Discipline" policy, which was in effect at the time the Faculty Senate Ad Hoc Hearing Committee issued its "Review of Sister Anne Munley's Decision to Terminate the Employment and Tenure of Dr. Frederick Fagal." The policy is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

63. Denied.

64. Denied.

65. Admitted in part, denied in part. Defendant admits only that on July 13, 2012, President Munley sent Plaintiff a letter. The letter is a document that speaks for itself, and, thus, all accurate quotations are admitted and all mischaracterizations of it are denied.

66. Admitted.

67. Denied.

## COUNT I
## Breach of Contract

68. Defendant incorporates by reference its responses to Paragraphs 1-67 as if fully set forth herein.

69. To the extent the allegations contained in Paragraph 69 are legal conclusions, no response is required. The remainder of the allegations in Paragraph 69 are denied.

70. To the extent the allegations contained in Paragraph 70 are legal conclusions, no response is required. The remainder of the allegations in Paragraph 70 are denied.

71. To the extent the allegations contained in Paragraph 71 are legal conclusions, no response is required. The remainder of the allegations in Paragraph 71 are denied.

Defendant denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of the Amended Complaint.

Defendant denies any allegation not specifically admitted, denied, or referred to on information and belief.

WHEREFORE, Defendant respectfully requests that this Court:

a. Dismiss the Amended Complaint in its entirety;

      b.  Deny each and every demand, claim and prayer for relief contained in the Amended Complaint;

      c.  Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

      d.  Grant such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages by using reasonable diligence to obtain subsequent employment.

### THIRD DEFENSE

Defendant acted reasonably and in good faith at all times.

### FOURTH DEFENSE

Defendant's Faculty Manual, Faculty Handbook, Policies and Procedures Manual, including all policies therein, and the letter agreements referenced in Plaintiff's Amended Complaint, do not constitute binding, enforceable contracts.

### FIFTH DEFENSE

To the extent Defendant and Plaintiff had an enforceable contract related to Plaintiff's employment and/or tenure, Plaintiff materially breached that agreement, Defendant provided notice of such breach, and Defendant was absolved of any obligations thereunder.

## SIXTH DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was justified by business necessity.

## SEVENTH DEFENSE

The unclean hands doctrine applies and prohibits Plaintiff from judgment in his favor.

## EIGHTH DEFENSE

Defendant did not breach any contract with Plaintiff.

## NINTH DEFENSE

Defendant followed its applicable policies and procedures with respect to suspending and terminating Plaintiff.

Respectfully submitted,

*/s/ - Stephanie Peet*
Stephanie J. Peet (PA ID: 91744)
Katharine Thomas Batista (PA ID: 312366)
**JACKSON LEWIS P.C.**
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
stephanie.peet@jacksonlewis.com
katharine.thomas@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

Dated:  June 30, 2015

**CERTIFICATE OF SERVICE**

I, Katharine Thomas Batista, do hereby certify that on the 30th day of June, 2015, I caused a true and correct copy of Defendant's Answer to Plaintiff's Amended Complaint and Affirmative and Other Defenses to be served upon the following individuals by CM/ECF and U.S. First Class Mail:

Jonathan Z. Cohen, Esquire
175 Strafford Avenue
Suite 1 PMB 212
Wayne, PA 19087

**JACKSON LEWIS P.C.**

*/s/ - Katharine Thomas Batista*
Katharine Thomas Batista
Attorney ID #312366
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102-1317
T: (267) 319-7802
F: (215) 399-2249
katharine.thomas@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

4837-9752-4261, v. 2