# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK F. FAGAL, JR.,            :
                                    :
        *Plaintiff,*                :
                                    :    CIVIL ACTION
    v.                              :
                                    :    NO. 3:14-cv-02404-ARC
MARYWOOD UNIVERSITY,                :
                                    :    (JUDGE CAPUTO)
        *Defendant.*                :
                                    :

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

JONATHAN Z. COHEN LTD.
Jonathan Z. Cohen, Esq.
175 Strafford Avenue
Suite 1 # 212
Wayne, PA 19087-3340
(215) 874-0047
(215) 839-8951 (fax)
jzc@jzc-law.com

*Attorney for Plaintiff*

Date: February 2, 2017

I.   **INTRODUCTION**

On January 19, 2017, Plaintiff filed a Motion for Leave to File Second Amended Complaint (the "Motion"). (ECF No. 91.) Plaintiff now files this brief in support of the Motion. The Motion should be granted because "good cause" exists to modify the amendment deadline in the Case Management Order and because "justice so requires" the amendment under Rule 15. The addition of a request for "nominal damages" would not cause any prejudice to Defendant.

II.   **PROCEDURAL HISTORY**

On December 17, 2014, Plaintiff filed his Complaint. (ECF No. 1.) On January 15, 2015, Plaintiff filed an Amended Complaint (ECF No. 7) with the Court's permission (ECF No. 6).

On February 23, 2015, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 14.) The Court denied that motion on June 16, 2015. (ECF No. 29; ECF No. 30.)

On June 30, 2015, Defendant filed an Answer to Plaintiff's Amended Complaint and Affirmative and Other Claims. (ECF No. 30).

On October 5, 2015, the Court entered a Case Management Order setting a deadline of December 23, 2015 for the amendment of pleadings. (ECF No. 34 at 2.)

The discovery period closed on September 6, 2016, but the parties were permitted to complete one more deposition and to complete a privilege log by October 6, 2016. (ECF Nos. 45, 48.)

On November 21, 2016, the parties filed cross-motions for summary judgment. (ECF No. 61; ECF No. 62.) Those motions are pending.

## III.   **STATEMENT OF FACTS**

On January 15, 2015, Plaintiff filed an Amended Complaint (ECF No. 7) with the Court's permission (ECF No. 6). In the Amended Complaint, Plaintiff seeks compensatory damages and "[s]uch other and further relief to which Professor Fagal may be entitled at law or equity." (ECF No. 7 at 18.) However, Plaintiff's counsel inadvertently omitted an explicit request for nominal damages in that pleading. (*See id.*) The Court's deadline for amending pleadings expired on December 23, 2015. (ECF No. 34 at 2.)

## IV.   **STATEMENT OF QUESTION INVOLVED**

The question posed by this motion is: Should Plaintiff be permitted to file a Second Amended Complaint adding a request for nominal damages? The answer is yes.

## V.   ARGUMENT

### A.   Legal standard for modifying a scheduling order

A scheduling order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). Although the Third Circuit has not explicitly held that the standard for amending a pleading beyond the deadline in a scheduling order is subject to the Rule 16 standard, Plaintiff will assume that to be the case here.[1] The Rule 16 standard "may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353, 2015 WL 9592442 (D.N.J. 2015) (quotation omitted).

### B.   Legal standard for a motion to amend a pleading

Rule 15 permits a party to amend its pleading—when not permitted as a matter of course—"only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*

---

[1] The Third Circuit has acknowledged "tension" between Rules 15(a)(2) and 16(b)(4). *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84, 2010-2 Trade Cases P 77111, 2010 WL 2871746 (3d Cir. 2010).

A district court may deny a request to amend "only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266, 2008 WL 5244882 (3d Cir. 2008). However, delay alone will not justify denying leave to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273, 49 Fed. R. Serv. 3d 927, 154 Ed. Law Rep. 477, 2001 WL 521745 (3d Cir. 2001). The Third Circuit has consistently found that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204, 2006 A.M.C. 245, 63 Fed. R. Serv. 3d 982, 2006 WL 73442 (3d Cir. 2006) (quotation omitted); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414, Fed. Sec. L. Rep. P 97689, 26 Fed. R. Serv. 3d 435, RICO Bus. Disp. Guide 8365, 1993 WL 292347 (3d Cir. 1993). In this context, "prejudice" means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300, 20 A.L.R. Fed. 433, 13 Fed. R. Serv. 2d 197 (3d Cir. 1969).

Courts within our circuit have permitted amendments seeking nominal damages after discovery has completed, while motions for summary judgment are pending, and even after judgment has been entered. *See U.S. Energy Dev. Corp. v. L.E. Mallory*, No.12-235, 2014 WL 4659659, at

*1, 7 (W.D. Pa. Aug. 13, 2014), *adopted by*, 2014 WL 4660040 (W.D. Pa.

Sept. 17, 2014) (permitting addition of nominal damages after fact

discovery had concluded); *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*,

No. 11-1588, 2014 WL 2808907, at *21-22 (W.D. Pa. June 19, 2014)

(permitting plaintiffs to add "untimely" request for nominal damages); *Albert*

*Rolland, S.A. v. SmithKline Beckman Corp.*, No. 85-3217, 1990 WL 90492,

at *1 (E.D. Pa. June 27, 1990) (amending judgment to award nominal

damages even though plaintiff did not request this at trial).[2]

## C.   Application of legal standards

The omission of an explicit request for nominal damages in the

Amended Complaint was the result of excusable neglect by Plaintiff's

counsel. A review of the elements of a breach of contract action and even

Pennsylvania's suggested jury instructions on contract damages does not

indicate that nominal damages are available even though they clearly are.

---

[2] Some courts do not even require a plaintiff to formally seek nominal damages in order to obtain them. *See Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1100, 2007-2 Trade Cases P 75940, 2007 WL 3284069 (N.D. Cal. 2007) (general prayer for "such other and further relief as the Court may deem appropriate" was sufficient); *Albert Rolland*, 1990 WL 90492, at *1; *Nemitz v. Reuben H. Donnelley Corp.*, 225 Pa. Super. 202, 207, 310 A.2d 376, 379, 1973 WL 302607 (Pa. Super. Ct. 1973) ("While appellant did not ask for nominal damages, we believe that appellant did more than just prove a breach of contract.") In other words, this motion is being made in an abundance of caution.

*See Borrell v. Bloomsburg Univ.*, 955 F. Supp. 2d 390, 407, 300 Ed. Law Rep. 243, 2013 WL 3287147 (M.D. Pa. 2013) (mentioning only "resultant damages"); *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058, 1999 WL 23209 (Pa. Super. Ct. 1999) (same); Pa. Suggested Standard Civ. Jury Instructions §§ 19.260, 19.270, 19.300 (Pa. Bar. Institute, 4th ed. 2011). Defendant cannot argue otherwise as it made the same mistake—that of assuming that only compensatory damages are available—in its motion for summary judgment. (*See* ECF No. 70 at 33-35).

In light of the authorities above and Plaintiff's counsel's natural focus on his client's substantial loss of pay arising from his termination, it was easy to miss nominal damages when drafting the pleadings. There is good cause to modify the Case Management Order to permit the amendment.

Granting Plaintiff leave to amend would also not cause any prejudice to Defendant. The main difference between the Amended Complaint and the proposed Second Amended Complaint is that the latter contains a request for "[n]ominal damages insofar as monetary damages are not awarded." (ECF No. 7 at 18; ECF No. 91-1 at 19; ECF No. 91-2 at 19.) The current pleading already requests "[s]uch other and further relief to which Professor Fagal may be entitled at law or equity." (*Id.*) Defendant would be hard-pressed to argue that the requested amendment would cause

7

prejudice: Marywood would not have conducted discovery differently had Plaintiff explicitly requested nominal damages. Nor will any either party need additional discovery because of the new relief requested. As Defendant will suffer no prejudice, "justice...requires" that the amendment be permitted under Rule 15.

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Leave to File Second Amended Complaint.


Respectfully,


By:   <u>s/ Jonathan Z. Cohen</u>
Jonathan Z. Cohen (PA 205941)
175 Strafford Avenue
Suite 1 # 212
Wayne, PA 19087-3340
(215) 874-0047
(215) 839-8951 (fax)
jzc@jzc-law.com

*Attorney for Plaintiff*

Date: February 2, 2017

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan Z. Cohen, attorney for Plaintiff, certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. The following parties have consented to electronic service:

**Asima J. Ahmad**
asima.ahmad@jacksonlewis.com, Philadelphia-
Secretaries@jacksonlewis.com,
PhiladelphiaDocketing@jacksonlewis.com

**Katharine Thomas Batista**
katharine.thomas@jacksonlewis.com, Philadelphia-
Secretaries@jacksonlewis.com,
PhiladelphiaDocketing@jacksonlewis.com

**Jonathan Zachary Cohen**
jzc@jzc-law.com

**Stephanie Jill Peet**
Stephanie.Peet@jacksonlewis.com,
PhiladelphiaDocketing@JacksonLewis.com, Philadelphia-
Secretaries@jacksonlewis.com

Respectfully,


By:   s/ Jonathan Z. Cohen
      Jonathan Z. Cohen (PA 205941)
      175 Strafford Avenue
      Suite 1 # 212
      Wayne, PA 19087-3340
      (215) 874-0047
      (215) 839-8951 (fax)
      jzc@jzc-law.com

      *Attorney for Plaintiff*

Date: February 2, 2017