Case 3:14-cv-02404-ARC   Document 94-3   Filed 02/02/17   Page 1 of 4
Albert Rolland, S.A. v. SmithKline Beckman Corp., Not Reported in F.Supp. (1990)
1990 WL 90492

1990 WL 90492
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.

ALBERT ROLLAND, S.A.
v.
SMITHKLINE BECKMAN CORP.

CIV. A. No. 85-3217.
|
June 27, 1990.

**Attorneys and Law Firms**

Daniel Segal, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa.,

Joel E. Hoffman, Sheila J. Carpenter, Sutherland, Asbill & Brennan, Washington, D.C., for plaintiff.

Mark S. Stewart, Arthur Makadon, Beth E. Moskow, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

VanARTSDALEN, Senior District Judge.

**\*1** On May 23, 1990, I entered findings of fact and conclusions of law in the above-captioned nonjury action. See Albert Rolland, S.A. v. SmithKline Beckman Corp., No. 85-3127, slip op. (May 23, 1990) (opinion). In that opinion, I found that defendant "SmithKline from June 6, 1979 through January 15, 1980 breached the terms of the licensing agreements with Rolland by failing to accurately and timely report to the FDA [Food and Drug Administration] known adverse hepatic reactions to Selacryn." Opinion, at 113. However, because I found that plaintiff Albert Rolland, S.A. (Rolland) had failed to prove by a preponderance of the evidence that any breach by SmithKline Beckman Corp. (SmithKline) of the licensing agreement was a proximate cause of any damages to Rolland, I entered judgment in favor of SmithKline. Opinion, at 113-14. I also found that SmithKline failed to prove by a preponderance of the evidence that it was entitled to recover any sum from Rolland on SmithKline's counterclaim, and entered judgment in favor of Rolland on SmithKline's counterclaim. Opinion, at 114.

Rolland, pursuant to Federal Rule of Civil Procedure 59(e), now asks the court to amend the judgment entered on May 23, 1990 to award nominal damages to Rolland, based on the court's finding that SmithKline breached its contract with Rolland between June 6, 1979 and January 15, 1980, and also to award Rolland a declaratory judgment that Rolland's agreements with SmithKline are terminated. I will amend the judgment by entering judgment in favor of Rolland on its breach of contract claim and will award nominal damages. I will also grant the declaratory relief Rolland seeks.

Rolland never requested nominal relief during the course of the trial or in its proposed findings of fact and conclusions of law. Nevertheless, Rolland argues that Pennsylvania case law, which is controlling in this action, mandates that judgment be entered in favor of Rolland, and nominal damages of one dollar be awarded to it. I agree.[1] The case law is clear that where a plaintiff can prove a breach of contract but can show no damages flowing from the beach, the plaintiff is entitled to recover nominal damages. See Elia v. Olszewski, 368 Pa. 578, 582, 84 A.2d 188, 191 (1951) (where breach of contract is admitted, plaintiff is at least entitled to nominal damages); Freedom Oil Works Co. v. Williams, 302 Pa. 51, 56, 152 A. 741, 743 (1930) (same). See also Thorsen v. Iron & Glass Bank, 328 Pa. Super. 135, 141, 476 A.2d 928, 931 (1984); Nemitz v. Reuben H. Donnelly Corp., 225 Pa. Super. 202, 207, 310 A.2d 376, 379 (1973); Mellon Bank, N.A. v. Aetna Business Credit, Inc., 500 F. Supp. 1312, 1320 (W.D. Pa. 1980) (nominal damages will be awarded under Pennsylvania law where breach of contract, but no actual damages, is shown; maximum award for nominal damages recoverable in Pennsylvania is one dollar). Because I found in my earlier opinion that SmithKline breached its contract with Rolland between June 6, 1979 and January 15, 1980, I will award Rolland nominal damages of one dollar for that breach.[2]

**\*2** I will also grant Rolland's request for a declaratory judgment that the licensing agreements between SmithKline and Rolland are terminated by reason of SmithKline's material breaches thereof. Such relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57.

Under Pennsylvania law, a breach of a contract constituting a material failure of performance discharges the non-breaching party from all liability under the

Albert Rolland, S.A. v. SmithKline Beckman Corp., Not Reported in F.Supp. (1990)
1990 WL 90492

Case 3:14-cv-02404-ARC Document 94-3 Filed 02/02/17 Page 2 of 4

contract. See Oak Ridge Constr. Co. v. Tolley, 351 Pa. Super. 32, 41, 504 A.2d 1343, 1348 (1985). I held in my earlier opinion that SmithKline breached the terms of the licensing agreements with Rolland from June 6, 1979 through January 15, 1980 by failing to accurately and timely report to the FDA known adverse hepatic reactions to Selacryn. Opinion, at 112-13. This was undoubtedly a "material" failure of performance under the licensing agreements, see Oak Ridge, 351 Pa. Super. at 41, 504 A.2d at 1348, and discharges Rolland from all liability under the contract. I therefore find that the licensing agreements between SmithKline and Rolland were terminated by reason of SmithKline's material breach of the agreements.

The remaining question is whether Rolland is entitled to a declaratory judgment to that effect. A party feeling itself aggrieved by a material breach of a contract may appropriately seek a declaratory judgment that the contract is terminated by reason of the breach. See Auto Mutual Indemnity Co. v. DuPont, 21 F. Supp. 606, 608 (D. Del. 1937). See also Burger King Corp. v. Family Dining, Inc., 426 F. Supp. 485 (E.D. Pa.), aff'd without opinion, 566 F.2d 1168 (3d Cir. 1977). In the present case, SmithKline's objects to Rolland's request for declaratory relief because it argues that no "actual controversy" existed between SmithKline and Rolland as required by 28 U.S.C. § 2201 [3] on the issue of whether the contract was terminated. SmithKline argues that, because SmithKline's counterclaim [4] filed in October 1985 also sought a declaration that the licensing agreements were terminated, no actual controversy existed between the parties on this issue.

 *3  SmithKline's argument overlooks that both Rolland and SmithKline asked for a declaratory judgment that the licensing agreements were terminated and no longer binding by reason of the other party's alleged breaches of the agreements. [5] Thus, while both parties agreed, at least as of the date of SmithKline's counterclaim, that the agreements were terminated, an actual controversy existed as to the reason the agreements were terminated. The issue of whether the licensing agreements were terminated indeed became moot as of the date of the filing of SmithKline's counterclaim. However, "if only one of several issues becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, 10A Civil, § 2757, at 617 (1983). Because in the present case an actual controversy remained as to issues other than the continued validity of the licensing agreements, i.e., which party's breach was responsible for the termination, this is sufficient to satisfy the "actual controversy" requirement of 28 U.S.C. § 2201. See A.S. Abell Co. v. Chell, 412 F.2d 712 (4th Cir. 1969) (actual controversy existed where parties joined in prayer for declaratory judgment that contract was illegal where controversy remained as to residual effects of illegality). Cf. Korvettes, Inc. v. Brous, 617 F.2d 1021 (3d Cir. 1980) (no actual controversy remained as to employer's liability under amendment to employment contract where employer promised to satisfy any additional obligations that amendment might have imposed on employer, and employee no longer pressed any demands under that agreement).

It is well settled that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest. C. Wright, A. Miller & M. Kane, supra, § 2759, at 645. The official comment to Federal Rule of Civil Procedure 57 states that declaratory relief is "not exclusive or extraordinary." Federal Rule of Civil Procedure 57, Notes of Advisory Committee on Rules. A court may properly grant a declaratory judgment when it would serve a useful purpose in clarifying and settling the legal relations in issue and will terminate and afford relief from the uncertainty and controversy giving rise to the proceeding. Id. at 647-48. In the present case, a declaratory judgment that the licensing agreements were terminated and no longer binding by reason of SmithKline's breaches from June 6, 1979 to January 15, 1980 will clarify the legal relationships stemming from the breaches and afford further relief to Rolland from any remaining uncertainty regarding the effect these breaches had on the continuing validity of the agreements. Because the requirement of an actual controversy is satisfied in this case, and because I find that Rolland's request for declaratory relief is appropriate, I will grant Rolland's request for a declaratory judgment.

O R D E R

 *4  For the reasons stated in the foregoing memorandum it is

ORDERED that in accordance with Federal Rule of Civil Procedure 59(e), the judgment in the above-captioned case is hereby amended to read as follows:

In accordance with the accompanying opinion containing findings of fact, discussion and conclusions of law, it is

ORDERED that judgment is entered in favor of the plaintiff Albert Rolland, S.A. and against the defendant SmithKline Beckman Corp. on plaintiff's complaint for defendant's breach of the licensing agreements from June 6, 1979 through January 15, 1980 and nominal damages of one dollar ($1.00) are awarded to Albert Rolland, S.A. It is further

ORDERED that it is declared, adjudged, and decreed that the licensing agreements between the predecessor in interest to the defendant SmithKline Beckman Corp. and the predecessor in interest to the plaintiff Albert Rolland, S.A. are terminated and no longer binding, by reason of SmithKline's material breaches thereof. It is further

ORDERED that judgment is entered in favor of the defendant SmithKline Beckman Corp. and against the plaintiff Albert Rolland, S.A. as to all of plaintiff's other claims for damages. It is further

ORDERED that judgment is entered in favor of the plaintiff Albert Rolland, S.A. and in favor of the defendant SmithKline Beckman Corp. on defendant's counterclaim.

**All Citations**

Not Reported in F.Supp., 1990 WL 90492

Footnotes

1  I recognize that Rolland's ultimate aim through this motion is to obtain an award of costs. However, no bill of costs has yet been submitted and I express no position in the present memorandum as to whether either party may be entitled to costs should such a bill be filed.

2  Although the Pennsylvania appellate courts have held that the granting of summary judgment or a directed verdict on the sole basis of no actual provable damages is improper, they have also said that they "will not ordinarily reverse on this ground alone where no request was made for [ [ [nominal damages] at trial and no establishment of a property right is involved." Elia v. Olszewski, 368 Pa. 578, 582, 84 A.2d 188, 191 (1951); See also Nemitz v. Bell Telephone Co., 225 Pa. Super. 202, 207, 310 A.2d 376, 379 (1973). I take this statement to mean that a Pennsylvania appellate court will not reverse a verdict for a defendant solely to award nominal damages to plaintiff if plaintiff never requested such damages at the trial level. Therefore, while it is true in the present case that Rolland never requested nominal damages in the course of the trial or in its proposed findings of fact and conclusions of law, I believe that Rolland's request for nominal damages at the trial level is sufficiently timely so as not to preclude the award of these damages at this time.

3  This statute reads:
   In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
   28 U.S.C. § 2201.

4  SmithKline's counterclaim sought damages in tort and contract for Rolland's alleged violations of the licensing agreements for, inter alia, withholding information concerning known hepatic reactions and other information from SmithKline. In my earlier opinion, I found that SmithKline had failed to prove by a preponderance of the evidence that it was entitled to recover any sum from Rolland on its counterclaim, and I thus entered judgment for Rolland on SmithKline's counterclaim. See opinion, at 114. In addition, SmithKline has failed to prove any breach of the licensing agreements by Rolland.

5  Rolland, in its prayer for relief, asked for a judgment against SmithKline:
   [d]eclaring, adjudging, and decreeing that the license agreements between Rolland and [SmithKline] are terminated by reason of [SmithKline's] material breaches thereof.
   Complaint, at 18.
   SmithKline, in its prayer for relief in its counterclaim, asked for a judgment:
   declaring, adjudging, and decreeing that the licensing agreements between it and Rolland were terminated, and no longer binding, on or before May 1, 1979 by reason of Rolland's material breaches thereof.
   Amended answer and counterclaim, at 14.

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.   3

Albert Rolland, S.A. v. SmithKline Beckman Corp., Not Reported in F.Supp. (1990)
1990 WL 90492

---

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2017 Thomson Reuters. No claim to original U.S. Government Works.  4