IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK F. FAGAL, JR. : | |
| : | |
| *Plaintiff,* : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 3:14-cv-02404-ARC |
| MARYWOOD UNIVERSITY, : | |
| : | (JUDGE CAPUTO) |
| *Defendant.* : | |
| : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION TO AMEND THE COMPLAINT

Defendant Marywood University ("Defendant" or "Marywood"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint. For the reasons that follow, Plaintiff's Motion should be denied.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiff became a full-time member of Marywood's faculty in the Fall semester of 1987 and attained tenure in September 1994. On January 13, 2012, Plaintiff sent an e-mail from his personal e-mail address to various members of the Marywood community, including faculty members and students, at their Marywood e-mail addresses and included hyperlinks to two YouTube videos. The videos in Plaintiff's e-mail—where Plaintiff altered English subtitles corresponding to several scenes from a well-known foreign movie "Downfall"—

1

depicted Marywood's President as Adolf Hitler and other University officials, including a Jewish male, as members of the Nazi regime with swastika bands on their arms. Plaintiff's videos ultimately led to the termination of his employment and tenure.

On or around December 17, 2014, Plaintiff filed a one-count Complaint against Defendant in the United States District Court for the Middle District of Pennsylvania. Plaintiff filed an Amended Complaint ("Compl.") on January 15, 2015 asserting a common law claim for breach of contract and requesting relief in the form of back pay, reinstatement, front pay, stock market foregone gains on 403(b) salary deductions not invested in his retirement account, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and court costs. Defendant filed its Answer with Affirmative Defenses and shortly thereafter, the parties commenced extensive discovery. Discovery closed on October 6, 2016 and this case was placed on the May 2017 trial list. On November 21, 2016, both parties filed cross motions for summary judgment.

Defendant has spent a significant amount of time and money litigating this case based on the claims asserted and the relief that Plaintiff had requested. Defendant interviewed its key witnesses, served and responded to multiple interrogatory and document requests, reviewed thousands of documents during the course of discovery, prepared eight witnesses for their depositions, took Plaintiff's

deposition, and drafted a dispositive motion, opposition *and* reply brief to date. Plaintiff now seeks leave to amend his complaint two years and one month after the inception of this action and over a year after the last date permitted under the Court's scheduling order and while cross motions for summary judgment are pending, to add a request for nominal damages. Until the summary judgment stage, Defendant was wholly unaware of Plaintiff's claim for an entirely new theory of damages. Plaintiff has not provided any reason for why he waited over two years to request another avenue of relief, or why this amendment could not have been sought at an earlier date in accordance with the Court's scheduling order.

As set forth below, Plaintiff's undue delay in amending his complaint is prejudicial to Defendant. Plaintiff is only amending his request for relief now as it has become abundantly clear to him that he cannot demonstrate resultant damages, which are required for his breach of contract claim to survive. As such, Plaintiff's motion to amend should be dismissed.

## II.   LEGAL ARGUMENT

Although Rule 15(a) instructs that leave to amend "shall be freely given," a party's right to file an amendment is not automatic. Breiner v. Litwhiler, 245 F. Supp. 2d 614, 623 (M.D. Pa. 2003). A district court may exercise its discretion to deny the request "if it is apparent from the record that (1) the moving party has

3

demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2004). While delay alone is an insufficient ground to deny leave to amend, "at some point, the delay will become 'undue', placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (quoting Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). Delay may become undue when a movant has had previous opportunities to amend a complaint. Id. See also Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (three year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654-44 (3d Cir. 1998) (proposed second amended complaint rejected where plaintiffs could have amended earlier).

In this case, Plaintiff has demonstrated undue delay, as he has been aware of the availability of nominal damages for over two years prior to this amendment and the amendment would prejudice Defendant. Therefore, Defendant respectfully requests that Plaintiff's motion be denied.

### A.  Plaintiff has demonstrated undue delay in seeking nominal damages as an additional avenue of relief.

Plaintiff's complaint contains one count: breach of contract. The three

elements required to establish this cause of action include: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) **resultant damages**.  See Gen. State Auth. v. Coleman Cable & Wire Co., 27 Pa.Cmwlth. 385, 365 A.2d 1347, 1349 (1976) (emphasis supplied). Plaintiff cannot in good faith claim that he was unaware that his *single* claim required proof of resultant damages.  Nor is this a scenario where a new damages theory became available following some development in the law.

Indeed, throughout the litigation, Plaintiff never sought nominal damages in relation to his breach of contract claim.  Now, however, while dispositive motions are pending, and after it likely became painstakingly clear to Plaintiff that he cannot demonstrate damages as a result of Defendant's conduct, he seeks to add an entirely new theory of damages to his Complaint.  Plaintiff could have pursued this theory from the outset of litigation.  However, Plaintiff delayed until now, after discovery closed and while dispositive motions are pending, to request a new theory of damages.  Defense counsel was unaware of Plaintiff's desire to proceed under this theory until Plaintiff's summary judgment motion raised his alleged entitlement to nominal damages for the first time.  Given this undue delay, Plaintiff's motion should be denied.

    **B.**    **Allowing Plaintiff to amend the Complaint would prejudice Defendant.**

Despite Plaintiff's claim to the contrary, his undue delay in asserting a

completely new theory of damages would prejudice Defendant. "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co. v. OSHRC, 573 F.2d 820, 823-824 (3d Cir. 1978). Factors to consider are "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton, 252 F.3d at 273. The Third Circuit has held that "where a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." Payne v. DeLuca, 2006 U.S. Dist. LEXIS 89251, *54 (W.D. Pa. Dec. 11, 2006) (citing Cureton, 252 F.3d at 273).

The Court's October 5, 2015 scheduling order clearly outlines that the final date for amending pleadings is December 23, 2015. Over two years have passed and Plaintiff offers no explanation as to why he did not change his damages theory when he filed his First Amended Complaint, or when he otherwise had the opportunity to amend beforehand. Had Plaintiff requested nominal damages at the outset, or prior to the summary judgment stage, Defendant could have revised its defense strategy and approach to settlement, saving time as well as tens of thousands of dollars that it has now spent defending this claim. Under these circumstances, Defendant clearly suffers prejudice if the proposed amendment is permitted. Thus, Defendant respectfully requests that Plaintiff's motion be denied.

### III. CONCLUSION

For these reasons, Defendant requests that the Court deny Plaintiff's Motion to Amend the Complaint.

                                            Respectfully submitted,

                                            */s/ Stephanie J. Peet*
                                            Stephanie J. Peet (PA 91744)
                                            Asima J. Ahmad (PA 316001)
                                            **Jackson Lewis P.C.**
                                            Three Parkway
                                            1601 Cherry Street, Suite 1350
                                            Philadelphia, PA 19102
                                            T: (267) 319-7802
                                            F: (215) 399-2249
                                            stephanie.peet@jacksonlewis.com
                                            asima.ahmad@jacksonlewis.com

                                            *ATTORNEYS FOR DEFENDANT*

Dated: February 16, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of **Defendant's Opposition to Plaintiff's Motion to Amend the Complaint** to be served on this 16th day of February, 2017, via the Court's ECF System, upon the following counsel of record:

> Jonathan Z. Cohen, Esquire
> JONATHAN Z. COHEN LTD.
> 175 Strafford Avenue
> Suite 1 PMB 212
> Wayne, PA 19087-3340

Respectfully submitted,

*/s/ Stephanie J. Peet*
Stephanie J. Peet (PA 91744)
Asima J. Ahmad (PA 316001)
**Jackson Lewis P.C.**
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
stephanie.peet@jacksonlewis.com
asima.ahmad@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

Dated: February 16, 2017

4841-2881-6707, v. 1