**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDERICK F. FAGAL, JR., : | |
| : | |
| *Plaintiff,* : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 3:14-cv-02404-ARC |
| MARYWOOD UNIVERSITY, : | |
| : | (JUDGE CAPUTO) |
| *Defendant.* : | |
| : | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

 

JONATHAN Z. COHEN LTD.
Jonathan Z. Cohen, Esq.
175 Strafford Avenue
Suite 1 # 212
Wayne, PA 19087-3340
(215) 874-0047
(215) 839-8951 (fax)
jzc@jzc-law.com

*Attorney for Plaintiff*

Date: March 2, 2017

## I. INTRODUCTION

On January 19, 2017, Plaintiff moved for leave to amend his pleading. (ECF No. 91.) The proposed amendment is modest, focusing on a request for nominal damages. Defendant has opposed the motion. (ECF No. 95.) Defendant argues that Plaintiff intentionally and unduly delayed filing the instant motion and would be prejudiced by the amendment. These arguments are unsupportable and unpersuasive. Respectfully, the Court should grant the instant motion.

## II. PLAINTIFF DID NOT INTENTIONALLY OR "UNDULY" DELAY FILING THE INSTANT MOTION.

Defendant asserts that Plaintiff "has been aware of the availability of nominal damages for over two years prior to this amendment." (ECF No. 95 at 4). No evidence is cited to back up this assertion. It is false. Plaintiff was clear in his opening brief that the delay was inadvertent. (ECF No. 94 at 6-7.)

Nor is it true that Plaintiff is "claim[ing] that he was unaware that his *single* claim required proof of resultant damages," as suggested by Defendant. (ECF No. 95 at 5). Plaintiff was well-aware of the need to show "resultant damages"; he timely retained an expert economist to assist in showing these damages; and he has presented this evidence to the Court. (ECF No. 66 at 31; ECF No. 66-9; ECF No. 67 at 27; ECF No. 84 at 42;

2

ECF No. 85-8 at 30-115.) Plaintiff was not aware until summary judgment briefing of the counterintuitive idea that "resultant damages" could include nominal damages.

Had Plaintiff's counsel known earlier about nominal damages, obviously he would have inserted a specific request for them in the pleadings. There would be no point in deliberately omitting a category of available relief.

### III. <u>DEFENDANT HAS NOT SHOWN PREJUDICE.</u>

The parties agree that "prejudice to the non-moving party is the touchstone for the denial of an amendment." (ECF No. 94 at 5; ECF No. 95 at 5.) Plaintiff does not agree, however, that Defendant has been prejudiced. Defendant has not shown that it would face the requisite "undue difficulty...as a result of a change of tactics or theories on the part" of Plaintiff. *See Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300, 20 A.L.R. Fed. 433, 13 Fed. R. Serv. 2d 197 (3d Cir. 1969). The level of prejudice required to deny a motion to amend is "excessive," "significant," "substantial," and thereby beyond Defendant's reach. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *In re Caterpillar Inc.*, 67 F. Supp.3d 663, 668 (D.N.J. 2014); *In re Fleming Cos., Inc.*, 323 B.R. 144, 148, 61 Fed. R. Serv. 3d 296, 44 Bankr. Ct. Dec. 173 (Bankr. D. Del. 2005). Defendant

cannot show that it would have been cheaper or easier to litigate this case if only Plaintiff had specifically sought monetary *and* nominal relief as opposed to monetary relief alone. Defendant's argument is illogical.

## IV. <u>CONCLUSION</u>

For the foregoing reasons and those offered in Plaintiff's opening brief, Plaintiff respectfully requests that the Court grant his Motion for Leave to File Second Amended Complaint.

Respectfully,

By: s/ Jonathan Z. Cohen
Jonathan Z. Cohen (PA 205941)
175 Strafford Avenue
Suite 1 # 212
Wayne, PA 19087-3340
(215) 874-0047
(215) 839-8951 (fax)
jzc@jzc-law.com

*Attorney for Plaintiff*

Date: March 2, 2017

# CERTIFICATE OF SERVICE

I, Jonathan Z. Cohen, attorney for Plaintiff, certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. The following parties have consented to electronic service:

**Asima J. Ahmad**
asima.ahmad@jacksonlewis.com, Philadelphia-Secretaries@jacksonlewis.com,
PhiladelphiaDocketing@jacksonlewis.com

**Katharine Thomas Batista**
katharine.thomas@jacksonlewis.com, Philadelphia-Secretaries@jacksonlewis.com,
PhiladelphiaDocketing@jacksonlewis.com

**Jonathan Zachary Cohen**
jzc@jzc-law.com

**Stephanie Jill Peet**
Stephanie.Peet@jacksonlewis.com,
PhiladelphiaDocketing@JacksonLewis.com, Philadelphia-Secretaries@jacksonlewis.com

        Respectfully,

        By:    <u>s/ Jonathan Z. Cohen</u>
               Jonathan Z. Cohen (PA 205941)
               175 Strafford Avenue
               Suite 1 # 212
               Wayne, PA 19087-3340
               (215) 874-0047
               (215) 839-8951 (fax)
               jzc@jzc-law.com

               *Attorney for Plaintiff*

Date: March 2, 2017