**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FREDERICK F. FAGAL, JR.   :
                              :
          *Plaintiff,*      :
                              :     CIVIL ACTION
          v.           :
                              :     NO. 3:14-cv-02404-ARC
MARYWOOD UNIVERSITY,   :
                              :     (JUDGE CAPUTO)
          *Defendant.*   :
                              :

## <u>PLAINTIFF'S PRETRIAL MEMORANDUM</u>

Date conference was held by counsel: March 23, 2018[1]

      **A.    Brief statement as to federal court jurisdiction:** This Court holds federal court jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.00.

      **B.    Summary statement of facts and contentions as to liability:**

      Plaintiff Frederick F. Fagal, Jr. ("Fagal") alleges that Defendant Marywood University ("Marywood") breached its Policies and Procedures by improperly suspending him and terminating his tenure and employment. Specifically, Fagal alleges that: (1) his suspension was not consistent with

---

[1] The Parties initially scheduled a conference for March 21, 2018 in accordance with the Court's February 1, 2018 Order, but a snow storm on that date caused counsel to reschedule the conference for March 23, 2018.

Marywood's "Progressive Discipline" policy ("PDP") as there was no prior oral or written warning nor any opportunity for monitored assistance provided; (2) Marywood President Anne Munley ("Munley") suspended him even though the Vice President for Academic Affairs had the sole right to do so (assuming that the suspension was proper in the first place, which it was not); (3) there was no "immediate harm" posed by Fagal to himself or others at the time of the suspension; (4) Marywood initiated termination proceedings without attempting "remedial actions" required by the PDP; (5) one of the charges against him was precluded by Marywood's own "Civil Rights Complaint Procedures"; (6) Marywood initially refused to offer Fagal an opportunity to appeal his suspension, then reversed itself and promised this opportunity, and then breached this promise by ultimately failing to review his suspension; (7) Marywood prematurely terminated Fagal's tenure and employment on April 3, 2012; and (8) Munley breached the University's "Faculty Grievances and Appeals" policy by retaliating against him for filing a grievance against her. Fagal alleges that Marywood breached its contract with him in the above multiple ways, and he seeks damages accordingly.

      **C.**    **Comprehensive statement of undisputed facts:** Please see Exhibit A.

2

**D.    Brief description of damages:** Fagal seeks back pay; reinstatement of employment and tenure; front pay up to the reinstatement of Fagal's employment with Marywood or—if reinstatement is not awarded—through the end of Marywood's spring semester in 2018 (when Fagal will be 72 years old); and stock market foregone gains on 403(b) salary deductions not invested in Fagal's Fidelity retirement account. Fagal's economic expert, Kristin K. Kucsma, M.A. ("Kucsma"), has calculated monetary damages of $755,395.00. In addition, Fagal is entitled to at least nominal damages for any breach of contract. *See Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 497 (3d Cir. 2015) (citing *Thorsen v. Iron & Glass Bank*, 328 Pa. Super. 135, 141, 476 A.2d 928, 931 (Pa. Super. Ct. 1984)).

**E.    Names and addresses of witnesses, including specialties and qualifications of experts:**

Helen M. Bittel, Ph.D.
1036 Fairfield Street
Scranton, PA 18509

Sr. Gail Cabral
Marywood University
2300 Adams Avenue
Scranton, PA 18509
(home address unknown)

3

Patricia E. Dunleavy, Ph.D.
815 Richter Drive
Scranton, PA 18510

Frederick F. Fagal, Jr.
17 East Lake Street
Skaneateles, NY 13152

Michael A. Foley, Ph.D.
817 Canyoncreek Lane
Fuquay Varina, NC 27526

Kristin K. Kucsma, M.A.[2]
Sobel Tinari Economics Group
293 Eisenhower Parkway
Suite 190
Livingston, NJ 07039

Alan M. Levine, Ph.D.
214 Marcaby Lane
South Abington Township, PA 18411

Sr. Anne Munley, IHM, Ph. D
2002 Elm Crest
San Antonio, TX 78230

Edward J. O'Brien, Ph.D.
214 Lathrop Street
Kingston, PA 18704

Mathew R. Povse
2585 Lake Ariel Highway
Honesdale, PA 18431

Erin A. Sadlack, Ph.D.
101 Snyder Street
South Abington Township, PA 18411

---

[2] Kucsma is Plaintiff's expert. She is an economist. Her qualifications are attached as Exhibit B.

**F.     Summary of testimony of each expert witness:** We anticipate that Kucsma will testify as follows: Fagal's salary for the 2011-2012 academic year was $76,199. Work-life expectancy tables predict that Fagal would work through the 2018-2019 academic year. The estimated loss of earnings through December 31, 2016 is $356,972. Adjusted earnings in future years, estimating wage growth, are $198,381. Kucsma deducts five percent of salary and fringe benefits for job maintenance expenses. Marywood's retirement bonus, which is one percent of final salary multiplied by years of service (here counting past 2012 to 2019), would be $5,587. Damages paid in one year would put Fagal into a high tax bracket and cause his Medicare premiums to rise by $3,216 for one year. Compensating Fagal for being in the high tax bracket with "extra" damages of $192,239 would merely make him whole. The combined total present value of loss as of November 2, 2016 is $755,395. Prejudgment interest is typically determined at trial, but is assessed at $147,453 through December 31, 2016. This analysis is based on information provided to Kucsma as of November 2, 2016 and is thus subject to revision.

| Present Value of Loss | Component of Analysis |
|---|---|
| $356,972 | Adjusted earnings in past years |
| $198,381 | Adjusted earnings in future years |
| $5,587 | Early Retirement Benefit Income |

| | |
|---|---|
| $3,216 | Medicare premium increase |
| $191,239 | Compensation for excess taxes |
| **$755,395** | **Present value of total loss (Sept. 2012-August 2019)** |

**G.    Special comment about pleadings and discovery:** None.

**H.    Summary of legal issues involved and legal authorities relied upon:**

1.  *Whether an employee handbook is a contract:* An employee handbook will be deemed a contract of employment "if a reasonable person in the employee's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule and be bound legally by its representations in the handbook." *Braun v. Wal-Mart Stores, Inc.*, 2011 PA Super 121, 24 A.3d 875, 941 (Pa. Super. Ct. 2011) (quoting *Caucci v. Prison Health Servs., Inc.*, 153 F. Supp. 2d 605, 611 (E.D. Pa. 2001)).

2.  *Elements of breach of contract:* "To state a breach of contract claim under Pennsylvania law, a plaintiff must allege '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" *Borrell v. Bloomsburg Univ.*, 955 F. Supp. 2d 390,

407 (M.D. Pa. 2013) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

3.  *Damages in breach of contract cases:* In general, the object of contract damages is to place the injured party in the same position that he would have been in but for the other party's breach. *See ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998); *Trosky v. Civil Serv. Comm'n*, 539 Pa. 356, 363, 652 A.2d 813, 817 (Pa. 1995). Even if a plaintiff cannot show actual damages resulting from a breach, he is entitled to recover nominal damages. *See Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 497 (3d Cir. 2015) (citing *Thorsen v. Iron & Glass Bank*, 328 Pa. Super. 135, 141, 476 A.2d 928, 931 (Pa. Super. Ct. 1984)).

4.  *Legal standard for breach of contract between professor and private university:* Contracts between professors and private universities are construed no differently than contracts between other private parties. *See Waggaman v. Villanova Univ.*, No. 04-4447, 2008 WL 4091015, at *20 (E.D. Pa. Sept. 4, 2008); *Murphy v. Dusquesne Univ. of The Holy Ghost*, 565 Pa. 571, 589, 777 A.2d 414, 428 (Pa. 2001). A professor alleges a

breach of contract by a private university by pleading that the

university did not comply with its own procedural rules. *See*

*Waggaman*, 2008 WL 4091015, at *20; *Ferrer v. Trs. of Univ. of*

*Pa.*, 573 Pa. 310, 340, 825 A.2d 591, 609 (Pa. 2002); *Murphy*,

777 A.2d at 433. The university must follow the procedures

detailed in its contract "to the letter" and must fulfill these

obligations "with good faith." *See Murphy*, 777 A.2d at 434. A

university's interpretation of its own policies and procedures is

<u>not</u> entitled to deference. *See id.* at 424, 428-29.

5.   *Interpretation of a "clear and unequivocal" contract:*

> The fundamental rule in interpreting the
> meaning of a contract is to ascertain and give
> effect to the intent of the contracting parties.
> The intent of the parties to a written
> agreement is to be regarded as being
> embodied in the writing itself. The whole
> instrument must be taken together in arriving
> at contractual intent. Courts do not assume
> that a contract's language was chosen
> carelessly, nor do they assume that the
> parties were ignorant of the meaning of the
> language they employed. When a writing is
> clear and unequivocal, its meaning must be
> determined by its contents alone.

*Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 243 (3d

Cir. 2008) (quoting *Murphy*, 777 A.2d at 429-30).

8

6.  *Whether a contract is ambiguous:* "'A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.'" *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1424 (3d Cir. 1994) (quoting *Hutchison v. Sunbeam Coal Corp.*, 513 Pa. 192, 519 A.2d 385, 390 (Pa. 1986)).

7.  *Construction of ambiguities in a contract:* Ambiguities in a contract are construed against the drafter. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995); *Camp Ne'er Too Late, LP v. Swepi, LP*, 185 F. Supp. 3d 517, 549 (M.D. Pa. 2016); *Shovel Transfer & Storage, Inc. v. Pa. Liquor Control Bd.*, 559 Pa. 56, 67, 739 A.2d 133, 139 (Pa. 1999); Restatement (Second) of Contracts § 206 (Am. Law Inst. 1979).

8.  *Effect of a breach on the "non-breaching" party's obligations:* A "material" breach of contract relieves the "non-breaching" party's obligation to perform. *See Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.*, 2012 PA Super 71, 40 A.3d 1261, 1271 (Pa. Super. Ct. 2012). However, when a breach is not "material," the "non-breaching" party has no right to suspend performance. *See id.*

9.  *Whether a breach is "material":* Materiality requires a "substantial showing." *See id.* at 1271. To determine materiality, the following factors should be considered: (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the injured party can be adequately compensated for that part of the benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; and (e) the extent to which the behavior of the party failing to perform or offer to perform comports with standards of good faith and fair dealing. *Id. See also* Restatement (Second) of Contracts § 241.

10.  *Waiving a "material breach":*  A party alleging that it could suspend performance under a contract because another party materially breached that contract cannot then continue performance without waiving the breach. *Cf. Raddison Design Mgmt., Inc. v. Cummins*, No. 07-92, 2011 WL 818668, at *6-7 (W.D. Pa. Mar. 2, 2011); *Fuller Co. v. Brown Minneapolis Tank*

*& Fabricating Co.*, 678 F. Supp. 506, 509 (E.D. Pa. 1987);

*Gillard v. Martin*, 2010 PA Super 238, 13 A.3d 482, 487-88 (Pa.

Super. Ct. 2010); 13 R. Lord, *Willison on Contracts* (4th) §

39.32[3]; 14 R. Lord, *Willison on Contracts* (4th) § 43:15. Waiver

may be decided as a matter of law "where only one reasonable

conclusion can be drawn from the undisputed facts." *Cedrone*

*v. Unity Sav. Ass'n*, 609 F. Supp. 250, 254 (E.D. Pa. 1985).

**I.     Stipulations desired:** None.

**J.     Estimated number of trial days:** Four days.

**K.     Any other matter pertinent to the case to be tried:** None.

**L.     Prenumbered schedule of exhibits:** Plaintiff's Exhibit List is

attached as Exhibit C. The Parties' Joint Exhibit List is attached as Exhibit

D.

**M.     Special verdict questions which counsel desires to submit:**

This is not applicable given that a bench trial will be held.

---

[3] *Willison* states that an "election of remedies"—as opposed to a "waiver"—has occurred when one party to a contract continues performance knowing of a material breach by the other party. Regardless of the name of the doctrine, after electing to perform the contract, the "non-breaching" party cannot subsequently argue that it had no obligation to perform on the ground of a material breach.

**N.** **Defense counsel's statement regarding settlement authority:** This is not applicable.

**O.** **Certification under Local Rule 30.10:** The undersigned hereby certifies that he has met with opposing counsel and exchanged deposition designations in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact. Plaintiff does not intend to offer any videos of depositions into evidence.

**P.** **Request for findings of fact and law:** Please see Exhibit E. Fagal also respectfully requests the opportunity to file a post-trial request for findings of fact and law.

Respectfully,


By:     s/ Jonathan Z. Cohen
        Jonathan Z. Cohen (PA 205941)
        Jonathan Z. Cohen Ltd.
        175 Strafford Avenue
        Suite 1 # 212
        Wayne, PA 19087-3340
        (215) 874-0047
        (215) 839-8951 (fax)
        jzc@jzc-law.com

        *Attorney for Plaintiff*

Date: March 30, 2018

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan Z. Cohen, attorney for Plaintiff, certify that the foregoing

document will be served on all counsel of record via the ECF system today.


Respectfully,


By:   <u>s/ Jonathan Z. Cohen</u>
Jonathan Z. Cohen (PA 205941)
Jonathan Z. Cohen Ltd.
175 Strafford Avenue
Suite 1 # 212
Wayne, PA 19087-3340
(215) 874-0047
(215) 839-8951 (fax)
jzc@jzc-law.com

*Attorney for Plaintiff*

Date: March 30, 2018